IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      No. 12-3045-01/CR-S-RED

CHARLES FREDERICK WHITE and
ANTHONY LYNN BEARDEN,

    Defendant.

## MOTION TO RECONSIDER DEFENDANT CHARLES WHITE'S MOTION TO QUASH SEARCH WARRANT AND TO SUPPRESS

    The Court has previously overruled Defendant Charles White's Motion to Quash Search Warrant and to Suppress Evidence, accepting the Report and Recommendation of the United States. Magistrate Judge and overruling defendant's objections to said report and recommendation. That since said ruling the Supreme Court of the United States issued its *Opinion in Florida v. Jardines*, 569 U.S. (2013) No. 11-564, March 26, 2013. Defendant believes that said ruling would affect the Court's ruling in this case.

    In *Jardines* the Court ruled " A police officer not armed with a warrant may approach a home in hopes of speaking to its occupants, because that is " no more than any private citizen might do" , but the scope of a license is limited not only to a particular area but also to a specific purpose, and there is no customary invitation to enter the curtilage simply " to conduct a search" Pp 5-8. In this case the officers came to defendant's residence located in rural Polk County, Missouri to conduct a "knock and talk" which was set out in the

affidavit for search warrant. Some officers entered the property through a gate and down a driveway some 150 yards off the State Highway.  It was contested as to whether the gate was closed and marked no trespassing or whether it was open. The officers drove down to the driveway to the backyard of defendant's home and parked. Prior to entering the property other officers were stationed at various locations in the event that someone might try to leave the property. The officers purpose for for being in the curtilage of defendant's home was to conduct a search as they had been advised by other officers of the odor of marijuana. Because it was the officers purpose to conduct a search they should have had a warrant. They trespassed on defendant's property and entered the curtilage and were not licensed nor invited to do so, regardless of whether the gate was open or closed.

>Defendant's contention is supported by the dissent in *Jardines* :

>" The Court concludes that Detective Bartelt went too far because he had the " *objective*...Purpose to conduct a search." Ante, at 8 (emphasis added). What this   means, I take it, is that anyone aware of what Detective Bartelt did would infer     that the subjective purpose was to gather evidence, but if this is the Court's point,   then a standard " Knock and Talk" and most other police visits would likewise    constitute searches "Alito, J., dissenting Pp. 7 dissent.

>In this case it was not ordinary " Knock and Talk ", the officers had been told of the odor and location. They had stationed other officers around the property to prevent anyone from leaving. It was their intention to gather evidence whether by consent or to obtain a warrant. For the entry on the property the officer's needed a warrant.

>**WHEREFORE,** Defendant Charles White moves the Court to reconsider its ruling and sustain his Motion to Quash Search Warrant and Suppress Evidence on in the alternative to reopen the hearing to obtain additional evidence.

Respectfully Submitted,
/s/ Roger C. Jones
Roger C. Jones bar  # 35415
Attorney for Defendant Charles White
601 South Grant
Springfield, MO 65806
Fax : 417-866-7667
rcjoffice@gmail.com