IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-03045-01-CR-S-BCW |
| | ) | |
| | ) | |
| CHARLES FREDERICK WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is defendant Charles Frederick White's motion to dismiss the indictment (doc. 131), and suggestions in support thereof. (Doc. 132). Defendant argues that the Missouri Constitution, Article I, Section 35, the so-called Right to Farm Amendment, by its plain language, has decriminalized the manufacturing of marijuana in the State of Missouri. Defendant further alleges that the United States Department of Justice has placed in effect a policy regarding marijuana prosecutions that is per se unconstitutional and a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Government has filed suggestions in opposition to Defendant's motion. (Doc. 135). A hearing regarding this motion to dismiss was held on January 8, 2016. Following the hearing, Defendant filed supplemental suggestions in support of his motion (doc. 145), to which the Government filed supplemental suggestions in opposition. (Doc. 148).

## Background

Defendant is charged in Counts 1 and 2 of a 4 Count Indictment[1] (doc. 45), which alleges that Defendant, along with a co-defendant, knowingly and intentionally conspired and agreed together and with each other, and with other persons known and unknown to the Grand Jury, and knowingly and intentionally aided and abetted each other, to manufactured 1,000 or more

---

[1] This is a Superseding Indictment which additionally charged Defendant White with a count of conspiracy with his co-defendant to manufacture 1,000 or more marijuana plants, a Schedule I controlled substance. The original indictment (doc. 1), did not contain the count of conspiracy against Defendant.

marijuana plants, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), all in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2. (Doc. 45).

## Analysis

Defendant alleges that the plain language of Missouri Constitution, Article I, Section 35 ("Right to Farm Amendment"), has decriminalized the manufacture of marijuana in the State of Missouri. Further, Defendant alleges that the United States Department of Justice ("DOJ"), through the issuance of several memoranda, has instituted a separate system of justice that applies to certain residents in the United States, and allows prohibited conduct within certain states to go unprosecuted, while the residents of other states are prosecuted for this same prohibited conduct. The effect of such conduct, Defendant alleges, resulted in an unconstitutional violation of his rights of equal protection under the Fourteenth Amendment of the United States Constitution. The Government, in opposition, suggests that the Right to Farm Amendment does not authorize the manufacture of marijuana under the laws of the State of Missouri. Further, the Government argues that Defendant's rights of equal protection have not been violated in this case, and that Defendant's selective prosecution argument, based on a claim that he is being treated differently under the law than citizens in states where marijuana has been legalized under state law, is without merit and therefore Defendant's motion to dismiss should be denied. The Court will address these arguments in turn.

### A. Right to Farm Amendment

The Right to Farm Amendment states:

> That agriculture which provides food, energy, health benefits, and security is the foundation and stabilizing force of Missouri's economy. To protect this vital sector of Missouri's economy, the right of farmers and ranchers to engage in farming and ranching practices shall be forever guaranteed in this state, subject to duly authorized powers, if any, conferred by article VI of the Constitution of Missouri.

MO. CONST. art. I, § 35 (2014).

Defendant argues that the plain language of the Right to Farm Amendment "has been to decriminalize the manufacturing of marijuana in the state of Missouri." (Doc. 132). Therefore, essentially Defendant is alleging that the conduct for which he is being charged is no longer an illegal activity in Missouri, because of the Right to Farm Amendment. The Court does not find

this argument persuasive and recommends that Defendant's motion to dismiss be denied as to this argument.

Here, the Court does not find anything in the language of the Right to Farm Amendment that would indicate an intention to legalize the manufacture of marijuana, which is listed in Missouri Revised Statutes, Section 195.017 as a Schedule I substance. Defendant has not provided the Court with any case law, and the Court is not aware of any cases, that support such an interpretation of the Right to Farm Amendment. An argument similar to Defendant's was advanced in <u>Missouri v. Loesch</u>, a case in the Circuit Court of Cole County, Missouri, but was denied. <u>See</u> <u>Missouri v. Loesch</u>, No. 12AC-CR02624-01 (Mo. 19th Cir. Sep. 1, 2015) *writ denied*, No. WD79012 (Mo. Ct. App. Sep. 21, 2015).

The Court additionally notes that even if the Right to Farm Amendment did decriminalize the manufacture of marijuana in the State of Missouri, which the Court does not find, pursuant to the Supremacy Clause of the United States Constitution, the Right to Farm Amendment would have no effect on the validity and enforceability of federal statutes such as the Controlled Substances Act ("CSA"). Article VI, Clause 2 of the United States Constitution states:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. CONST. art. VI, cl. 2. Consequently, even assuming *arguendo* that the Right to Farm Amendment decriminalized the manufacture of marijuana in the State of Missouri, such a law would have no effect on the Government's ability to prosecute Defendant under federal statutes, specifically the CSA, which provides that it is unlawful "to manufacture, distribute, or dispense, or possess with the intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. §841(a)(1). Marijuana is defined as a Schedule I controlled substance under 21 U.S.C. § 812, therefore manufacture of marijuana is in violation of the CSA and enforceable against any defendant despite the legal status of marijuana under state law.

Accordingly, in the present case, the Court finds that Article I, Section 35, of the Missouri Constitution, the so-called Right to Farm Amendment, does not decriminalize the manufacture of marijuana in the State of Missouri, despite Defendant's contentions, and

therefore respectfully recommends that Defendant's motion to dismiss, based on this argument, should be denied as meritless.

## B. Equal Protection

Defendant next argues that his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution have been unconstitutionally violated. This claim is largely based on two memoranda that were issued by Deputy Attorney General James Cole, (hereinafter, the "Cole Memoranda") which laid out eight priorities in enforcing the Controlled Substances Act against marijuana-related conduct. The eight priorities listed are:

- Preventing the distribution of marijuana to minors;
- Preventing revenue from the sale of marijuana from going to criminal enterprises, gangs and cartels;
- Preventing the diversion of marijuana from states where it is legal under state law in some form to other states;
- Preventing state-authorized marijuana activity from being used as a cover or pretext for the trafficking of other illegal drugs or other illegal activity;
- Preventing violence and the use of firearms in the cultivation and distribution of marijuana;
- Preventing drugged driving and the exacerbation of other adverse public health consequences associated with marijuana use;
- Preventing the growing of marijuana on public lands and the attendant public safety and environmental dangers posed by marijuana production on public lands; and
- Preventing marijuana possession or use on federal property.

Cole Memorandum at 1-2.

Defendant contends that this policy has had the effect of creating a two-tier system of justice, and that the DOJ is now engaged in the prosecution of a Missouri resident for the same or similar conduct for which a resident in a state that has legalized marijuana under state law similarly engages, however is not prosecuted. The Government has responded to this contention by stating that the prosecution of Defendant in this case for manufacturing marijuana in federal court does not violate his equal protection rights.

The Court understands Defendant's argument to be a claim of selective prosecution, very similar to a claim made in United States v. Vawter, a case within this district, in which United States District Judge Douglas Harpool held that the Defendants in that case "fail[ed] to argue a sufficient selective prosecution or other equal protection claim concerning the enforcement of federal marijuana laws." 2014 WL 5438382, at *8 (W.D. Mo. Oct. 24, 2014). From the outset, the Court notes that the standard to prove a selective prosecution claim is "a demanding one."

United States v. Armstrong, 517 U.S. 456, 464 (1996). The reason being that pursuant to the doctrine of separation of powers, broad discretion is conferred upon the Executive Branch to enforce criminal laws. In Armstrong, the Supreme Court explained:

> A selective-prosecution claim asks a court to exercise judicial power over a special province of the Executive. The Attorney General and the United States Attorneys retain broad discretion to enforce the Nation's criminal laws. They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to take Care that the Laws be faithfully executed. As a result, the presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties. In the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Of course, a prosecutor's discretion is subject to constitutional constraints. One of these constraints, imposed by the equal protection component of the Due Process Clause of the Fifth Amendment, is that the decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification . . . In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary.

United States v. Armstrong, 517 U.S. 456, 464-65 (1996) (internal quotations and citations omitted).

"To establish a prima facie case, [of selective prosecution] a defendant must demonstrate: 1) that he has been singled out for prosecution while others similarly situated have not been prosecuted for similar conduct and 2) that the government's action in thus singling him out was based on an impermissible motive such as race, religion, or the exercise of constitutional rights." Vawter, at *8 (quoting United States v. Parham, 16 F.3d 844, 846 (8th Cir. 1994)). To prevail on a claim of selective prosecution in violation of equal protection, a defendant must show that he or she was treated differently than other similarly situated individuals, and that the Government lacked a rational basis for this dissimilar treatment. See United States Magistrate Judge David P. Rush's Report and Recommendation, doc. 65, in United States v. Vawter, 13-CR-3123-MDH, which was adopted in United States v. Vawter, 2014 WL 5438382, *9 (W.D. Mo. Oct. 24, 2014). For the purposes of a selective prosecution claim, the term "similarly situated" means that a person is "engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant," where the "prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan," and where "the evidence was as

5

strong or stronger than that against the defendant." Vawter, at *8 (citing United States v. Smith, 231 F.3d 800, 810 (11th Cir. 2000)).

Here, the Court finds that Defendant has not presented clear evidence to support his selective prosecution claim, sufficient to rebut the presumption that a prosecutor does not violate equal protection, and therefore recommends that Defendant's motion to dismiss the indictment, based on this claim, should be denied. In the present case, Defendant has failed to show any other person similarly situated who was not prosecuted. See e.g., Vawter, at 8; United States v. Brown, 424 F. App'x 909, 912 (11th Cir. 2011). The Court additionally finds that Defendant has failed to show any impermissible motive by the Government in the prosecution of this case, sufficient to carry his burden under the second prong of a prima facie case. The Cole Memoranda that Defendant advances in support of his claim, similar to the memoranda at issue in the Vawter case, list priorities that the DOJ have provided "to guide the Department's enforcement of the CSA against marijuana-related conduct." Cole Memorandum at 3. The Court finds that the memoranda in this case do not satisfy Defendant's burden of showing an impermissible motive by the Government, and other courts, where similar memoranda have been used to advance this argument, have also reached this conclusion. See e.g., United States v. Vawter, 2014 WL 5438382 (W.D. Mo. Oct. 24, 2014); United States v. Heying, No.14-CR-30 JRT SER, 2014 WL 5286153 (D. Minn. Aug. 15, 2014) report and recommendation adopted, No. CRIM 14-30 1 JRT/SER, 2014 WL 5286155 (D. Minn. Oct. 15, 2014); United States v. Canori, 737 F.3d 181, 184-85 (2d Cir. 2013). Therefore, the Court respectfully recommends that Defendant's motion to dismiss the indictment, based on his claim of a violation of his constitutional rights of equal protection, should be denied.

## **Conclusion**

For the reasons stated above, the Court concludes that Defendant's contentions regarding dismissal of the indictment in this case to be without merit, and his motion to dismiss should be denied. The Court finds nothing in the language of the Right to Farm Amendment that would suggest that marijuana has been decriminalized in the State of Missouri. Further, Defendant has failed to present clear evidence, sufficient to rebut the presumption that the prosecutor did not violate equal protection, and therefore has failed to carry his burden on the claim of a violation of equal protection based on selective prosecution. Consequently, dismissal of the indictment in this case is not warranted.

IT IS THEREFORE RECOMMENDED that Defendant's motion to dismiss the indictment should be DENIED. (Doc. 131).

Counsel are reminded that they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 22nd day of June, 2016, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge