IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | Case No. 12-03045-01-CR-S-BCW |
| **CHARLES FREDERICK WHITE,** | |
| Defendant. | |

## NOTICE OF INTENT TO INTRODUCE EVIDENCE OF CRIMES, WRONGS, OR OTHER ACTS OF DEFENDANT

The United States of America, by and through Tammy Dickinson, United States Attorney for the Western District of Missouri, and the undersigned Assistant United States Attorney, and in compliance with Fed. R. Crim. P. 404(b), provides notice of its intent to introduce evidence of the following crimes, wrongs, or acts committed by the defendant, Charles Frederick White:

1. On or about April 24, 2002, in Jackson County, Missouri, White possessed marijuana with the intent to distribute it. For this crime, on or about January 5, 2004, Defendant Charles Frederick White was duly convicted in the Circuit Court of Jackson County, Missouri, in Case Number 16CR02005689-0, of possession of marijuana with the intent to distribute, in violation of Mo. Ann. Stat. § 195.211; and

2. On or about January 6, 1989, in Dade County and Vernon County, Missouri, White manufactured more than 600 marijuana plants in an enclosed barn-like structure he had designed and constructed for this purpose. For this crime, on or about January 2, 1990, Defendant Charles Frederick White was duly convicted in the United States District Court for the Western District of Missouri, in Case Number 89-05006-01-CR-SW-4, of manufacturing 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), a felony offense under the laws of the United States.

Evidence of the above-mentioned similar acts and schemes are admissible under Rule 404(b), which states in part:

> Evidence of a crime, wrong, or other act . . . may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must . . . provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and . . . do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

The defendant is charged in Count 1 with conspiracy to manufacture 1,000 or more marijuana plants, and in Count 2 to manufacturing 1,000 or more marijuana plants. The United States intends to offer the evidence set forth above to prove motive, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident in regard to these offenses.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By  */s/ Timothy A. Garrison*
TIMOTHY A. GARRISON, Mo. Bar #51033
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on January 31, 2017 to the CM/ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Timothy A. Garrison*
TIMOTHY A. GARRISON
Assistant United States Attorney