IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI,
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**CHARLES FREDERICK WHITE,**<br><br>Defendant. | Criminal Action<br>No. 12-03045-01-CR-S-MDH |

## <u>DEFENDANT'S PROPOSED VOIR DIRE</u>

Pursuant to Federal Rules of Criminal Procedure 24(a), defendant, Charles Frederick White, by and through his attorneys, Jason Coatney and Don Cooley, respectfully requests the Court to include the following matters in its voir dire of the prospective jurors. Defendant is requesting that the Court, in its questioning of jurors, **not limit its inquiry** to only family members, but also **include close personal friends and associates**. In today's society where families are not often so close-knit, close personal friends and associates often affect beliefs, biases and opinions more so than family members.

1. Is any member of the jury panel acquainted with United States Attorney Tammy Dickinson, or any member of her staff? Is any member of the jury panel acquainted with Assistant United States Attorney Timothy A. Garrison? Is any member of the jury panel acquainted with Counsel for the Defendant Jason Coatney or Don

Cooley? Is any member of the jury panel acquainted with Counsel for the Defendant Charles White?

2. Does any member of the panel feel that, because Defendant Charles White has been charged with a crime, the fact of charging alone creates an inference that there must be some truth to the allegations or that the prosecutor would not be holding this person for trial?

3. Are there any members of the jury panel that do not understand that a grand jury determines only probable cause that an alleged crime may have occurred? In other words, a grand jury does not determine guilt or innocence.

4. Are there any members of the jury panel that do not understand that under our law the indictment in this case is merely a formal legal pleading, or a piece of paper filed by the prosecution in order to start the proceedings, and has no greater legal effect than a complaint or declaration in a civil case?

5. Does any member of the panel disagree with the principle of law that a defendant in a criminal case should not be convicted unless the jury is convinced that he is guilty beyond a reasonable doubt?

6. The Court will instruct that the defendant who has been charged with a crime is presumed to be innocent. Is any member of the panel not willing or not able to presume the defendant to be innocent?

7. If you had to vote right now, before the trial has started, the law requires you to vote to acquit. This is what the presumption of innocence means: That the defendant is presumed innocent until the government has proven him guilty beyond a

reasonable doubt.  Is there any member of the panel who could not obey that rule or feels that it is a mere technicality?

      8.      A defendant in a criminal case has a constitutional right not to testify.  Do any of you believe that based upon the defendant's failure to testify you would believe he must be hiding something and thus tend to convict?

      9.      At the end of the case, the Court will instruct you that certain elements must necessarily be proven beyond a reasonable doubt before you will be permitted to return a verdict of guilty.  If you should find that you personally disapprove of certain actions which the evidence may indicate the defendant performed, could you still refuse to find the defendant guilty if the prosecution failed to prove each element of the alleged offense beyond a reasonable doubt?

      10.      The defendant, Charles White, has been charged by indictment with criminal offenses; these are, Count I, conspiracy to manufacture 1,000 or more marijuana plants, and Count 2, manufacture of 1,000 or more marijuana plants.  Without telling us what you have learned, has any member of the jury panel seen or heard anything about these charges?

Do any of you recall having read, heard, or have any prior knowledge of these events from any source whatever?  [If any affirmative answers are elicited, an individual <u>in camera</u> voir dire is requested to avoid the possible tainting of other panel members, and to determine the source and extent of prior knowledge and whether, as the result of

3

what they have seen or heard, an opinion no matter how slight was formed as to (1) the commission of a crime or (2) the guilt or innocence of the defendant.]

11.     Have you, or a relative or close friend of yours, ever been a victim of any crime?  If so, where, when, and what type of crime?

12.     Has any member of the jury panel or members of your immediate family or close personal friends ever been addicted to or used drugs?  If so, would you be able to fairly and impartially serve as a juror in this case?

13.      Have you ever worked for any organization that dealt with drugs or drug abuse?  Have you ever done volunteer work for such a group?  Which group and what did you do for them?

14.     Does any member of the jury panel believe that their feelings regarding drugs are such that they wouldn't be as fair as they would like to be on a case involving drugs?  [If yes, please inquire individually and in camera as to why.]

15.     Has any member of the jury panel or members of your immediate family or close personal friends ever been arrested or charged with a crime that involved the use or possession of drugs?  If so, inquire as to the nature of the charge or arrest.

16.     Does any member of the jury panel believe that if a person is charged with a drug related offense that he is more likely to be guilty than if he was charged with another crime?

17.     Does any member of the jury panel object to having guns in their home?  If

4

so, for what reason?

18. Does any member of the jury panel feel that guns are a major cause of crime?

19. The defendant in this case is charged with being an unlawful user of illegal controlled substances (marijuana). Does any member of the jury panel feel that, due to the nature of this charge, you would have some difficulty presuming that Charles White is innocent?

20. Is there anything about the nature of the charge in this case, being an unlawful user of illegal controlled substances (marijuana), that makes you feel you could not be a fair and impartial juror?

21. Does any member of the jury panel think someone should be convicted because of suspicion or conjecture?

22. Has any member of the jury panel previously served on a grand jury or criminal trial jury? If so, please state to the Court where each service occurred and, in criminal cases, the charge against the defendant and the verdict. For those who have served on the grand jury, please state what court.

23. Would any experience you may have had sitting as a juror in a previous criminal case have any effect on your ability to sit as a fair and impartial juror in this case? If so, what effect would it have?

24. Was there anything about your previous jury experience that would lead

5

you to feel that you have some prejudice either for the prosecution/defense or against the prosecution/defense? If so, what?

25. Has any member of the jury panel ever appeared as a witness before a grand jury? If so, please state when and where.

26. Has any member of the jury panel ever appeared as a witness in a criminal prosecution? If yes, where and when?

27. Has any member of the jury panel ever been a complainant for the prosecution in a criminal charge or trial? If so, please state where and when.

28. Has any member of the jury panel previously served on a jury in a civil trial? If so, does he or she understand that (unlike a plaintiff in a civil trial), the government is required to prove its case beyond a reasonable doubt rather than by a mere preponderance of the evidence?

29. Has any member of the jury panel, or any member of his family, or any close personal friend ever been employed in any branch of law enforcement, including, but not limited to, the police department, highway patrol, Federal Bureau of Investigation (FBI), Bureau of Alcohol, Tobacco and Firearms (BATF), Drug Enforcement Agency (DEA), or as a federal or state narcotics agent, Internal Revenue Service (IRS) agent, correctional officer, sheriff, deputy sheriff, guard, or jailer, whether civilian or military, public or private? If so, please state the dates of employment and duties.

30. Has any member of the jury panel, or any member of their family or any

6

close personal friend, worked as a volunteer for a law enforcement agency on any local, state, or federal level? If so, please state when, where and the nature of duty.

31.  Has any member of the jury panel, or any member of his immediate family or any close personal friend, ever been employed by any court as a clerk, bailiff, reporter, or other officer? If so, please state what court, the dates of employment and the duties performed.

32.  Are there any members of the jury panel that know any judges, lawyers or prosecutors? If yes, who and how do you know them? Is there anything about your acquaintance with that person that would create any prejudice for or against any party in this case?

33.  Members of the Missouri State Highway Patrol, Polk County Sheriff's Department, ATF, DEA, or other law enforcement agencies may testify in this case. Will any member of the panel give more credit to the testimony of such a law enforcement officer than to any other witness, simply because he is a law enforcement officer?

34.  If there is directly conflicting testimony between a law enforcement officer and the defendant, would any members of the jury tend to believe that the law enforcement officer is telling the true version of the facts and thereby give more credit to their testimony?

35.  The following persons may testify in this case. [Please read attached proposed witness lists.] Are any of you acquainted with any of these persons? If any

affirmative answers are forth-coming, inquire as to the nature of the acquaintance.

36. Are there any members of the jury panel that cannot keep in mind that each count of the indictment charges a separate crime and that you must consider each count separately and return a separate verdict on each count?

37. Are there any members of the jury panel that cannot keep in mind that the government must prove each and every element of each count of the Indictment, beyond a reasonable doubt?

38. Assuming that some loved one of yours was standing trial instead of Charles White for the same crime, would you feel satisfied with 12 jurors of the same mind as yours to stand in judgment of your loved one's case?

39. If you are chosen in this case, do you know of any reason why you could not sit as an impartial juror?

40. If you heard the evidence and you felt the defendant was probably guilty, that is, you were not convinced that he was or was not, but you thought the evidence showed that he probably was guilty, would you be able to return a verdict of not guilty since he had not been proven guilty beyond a reasonable doubt?

41. If you have reasonable doubt about the defendant's guilt and, after listening to the arguments of your fellow jurors when you retire to consider this case, you still have that reasonable doubt, would you stick to your opinion and refuse to change your verdict even though it was an unpopular one or might result in a mistrial?

42. Does any member of the jury panel know of any reason, whether asked before or not, which would prevent you from sitting as a juror in a fair and unbiased manner in the trial of this case, or is there any reason why it would be particularly embarrassing for you to sit as a juror in this trial? In other words, the defendant is entitled to a trial by an impartial jury composed of jurors who are without any biases or prejudices for or against the defendant and who are without any preconceived ideas about this case. If you were the defendant in this case, would you be satisfied with a person like yourself sitting on the jury?

43. Does any member of the panel have any problems with hearing or eyesight or any other medical problem which would impair your full attention to this trial or your ability to sit in this courtroom during this trial?

44. The defendant requests that each member of the jury panel be questioned by the Court and required to speak, stating his or her name, city of residence, county of residence, usual reading materials, usual occupation, club and organization memberships, marital status, number of children and grandchildren, and spouse's occupation.

Respectfully submitted,

**THE LAW OFFICE OF JASON COATNEY, LLC**

/s/ Jason Coatney
Jason Coatney, #49565
939 N. Boonville Ave., Suite C
Springfield, MO 65802
Phone (417) 831-4200
Fax     (417) 864-9909
jasoncoatney@coatneylaw.com
ATTORNEY FOR DEFENDANT


/s/ Don Cooley
Don Cooley, #
1650 E Battlefield St.
Springfield, MO 65804
Phone (417) 831-3139
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on February 6, 2017 to the CM/ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/s/ Jason Coatney


/s/ Don Cooley


10