# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 12-03045-01-CR-S-MDH |
| CHARLES FREDERICK WHITE, | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by the Acting United States Attorney for the Western District of Missouri, and Timothy A. Garrison, Assistant United States Attorney, respectfully provides its sentencing recommendation for Defendant Charles Frederick White. Due to the extraordinary circumstances in this particular case, the United States recommends that this Court sentence the defendant to imprisonment for the statutory minimum sentence of 10 years, followed by a term of supervised release of five years.

### I. Background

On September 26, 2013, White failed to appear at a pretrial conference in this case. (Doc. 69.) After White was arrested in Colorado, on February 12, 2015, the United States District Court for the District of Colorado ordered that he be transported to the Western District of Missouri. (Doc. 101.) On February 8, 2017, pursuant to a written plea agreement, White pled guilty to Count 1 of the Superseding Indictment, charging him with conspiracy to manufacture 1,000 or more marijuana plants. (Doc. 179.) The final Presentence Investigation Report (PSR, Doc. 187) was filed on May 22, 2017, and

calculated a sentencing range of imprisonment of 210 to 262 months. (PSR ¶ 53.) The sentencing hearing is scheduled for Wednesday, July 27, 2017. (Doc. 190.)

## II. Legal Standard

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930.

## III. Discussion

A.  *Statutory and Guidelines Calculations*

The PSR in this case advises that the offense is Class A felony, and the applicable statutory parameters involved in this case are imprisonment for not less than 10 years, and supervised release for not less than five years. (PSR ¶¶ 59, 52, 57.) The PSR further advises that the offense level is 37, and the criminal history category is VI. (PSR ¶¶ 20, 31.) Accordingly, the PSR calculates a Guideline range of imprisonment of 210 to 262 months, and a term of supervised release for five years. (PSR ¶¶ 56-62.)

2
Case 6:12-cr-03045-MDH   Document 191   Filed 07/26/17   Page 2 of 4

B.  *Statutory Sentencing Factors*

This Court must "impose a sentence sufficient, but not greater than necessary" to address several factors enumerated in 18 U.S.C. § 3553, including the Guidelines issued by the U.S. Sentencing Commission. These factors include:

1. *The nature and circumstances of the offense and the history and characteristics of the defendant.*

The nature and circumstances of the offense are such that the conduct fits within the most serious tier of offenses under 21 U.S.C. § 841(a)(1). Moreover, this is the second such conviction this defendant has sustained, meaning the United States could have increased the statutory minimum sentence to 20 years by seeking an applicable enhancement under 21 U.S.C. § 851. In the final analysis, however, and despite having a strong case against White, the Government has concluded that, given his advanced age and poor health, the interests of allocating prosecution resources weigh in favor of avoiding the waste of time and effort in favor of a plea agreement that would ensure a 10-year minimum sentence.

2. *The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

As noted above, and White's previous motions and sentencing exhibits notwithstanding, a conspiracy to illegally grow a vast crop of marijuana—a Schedule I controlled substance—is a very serious offense. Nevertheless, given White's age and poor

health, the Government has concluded that a sentence greater than 10 years is unlikely to affect his likelihood of recidivism or promote the public safety.

## IV. Conclusion

In accordance with the bargain of the parties, the United States respectfully requests that this Court impose a sentence of 120 months, to be followed by a five-year term of supervised release.

Respectfully submitted,

THOMAS M. LARSON
Acting United States Attorney

By  */s/ Timothy A. Garrison*
TIMOTHY A. GARRISON, Mo. Bar #51033
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri  65806
(417) 831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case.

 */s/ Timothy A. Garrison*
TIMOTHY A. GARRISON
Assistant United States Attorney