UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION


UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                ) Case No.
        vs.                     ) 12-CR-3045-MDH-1
                                )
                                )
CHARLES FREDERICK WHITE,        )
                                )
            Defendant.          )



CHANGE OF PLEA
BEFORE THE HONORABLE M. DOUGLAS HARPOOL
WEDNESDAY, FEBRUARY 8, 2017; 3:52 P.M.
SPRINGFIELD, MISSOURI



APPEARANCES:
FOR THE PLAINTIFF:          MR. TIMOTHY A. GARRISON
                            MS. JOSEPHINE LARISON
                            UNITED STATES ATTORNEY'S OFFICE
                            901 St. Louis, Ste. 500
                            Springfield, MO 65806


FOR THE DEFENDANT:          MR. JASON COATNEY
                            LAW OFFICES OF JASON COATNEY
                            939 N. Boonville, Ste. C
                            Springfield, MO  65802

                            MR. DONALD R. COOLEY
                            ATTORNEY AT LAW
                            1650 E. Battlefield, Ste. 120
                            Springfield, MO  65804


COURT REPORTER:             MS. JEANNINE RANKIN, RPR, CSR
                            UNITED STATES DISTRICT COURT
                            222 N. Hammons Parkway
                            Springfield, MO  65806


    Proceedings recorded by mechanical stenography;
transcript produced by computer.

2

1               USA v CHARLES F. WHITE

2            CASE NO. 12–CR–3045–MDH–1

3               CHANGE OF PLEA

4               February 8, 2017

5              * * * * * *

6      THE COURT:  We are here in United States v. Charles

7  Frederick white.  The Court had originally scheduled a

8  pretrial conference at this time.  It's my understanding that

9  the parties have reached a plea agreement to resolve the

10  issues pending in this case.

11         Who appears on behalf of the United States?

12         MR. GARRISON:  Tim Garrison and Jodi Larison, Your

13  Honor.

14      THE COURT:  On behalf the defendants?

15         MR. COATNEY:  Jason Coatney and Don Cooley.

16      THE COURT:  Mr. White, my name is Doug Harpool.  You

17  go ahead and stay seated, if you want to, if it's more

18  comfortable for you.

19         I'm the judge that's going to preside over your

20  case.

21         MR. COATNEY:  Your Honor, Mr. White has pretty good

22  hearing but his eyesight is very bad, so he's just looking in

23  your direction; he can't see you very well.

24      THE COURT:  As long as he can hear.

25      THE DEFENDANT:  Yeah.

|     |                                                                      |
| --- | -------------------------------------------------------------------- |
| 1   | THE COURT:  Nobody really wants to see what I look                    |
| 2   | like anyway, sir.  It's kinda ugly.  You just stay there, and         |
| 3   | as long as you can hear me, that's what counts.  Okay?                |
| 4   | THE DEFENDANT:  Yes, sir.                                             |
| 5   | THE COURT:  You stop me if you can't hear something.                  |
| 6   | I've been told that there's been reached a plea                       |
| 7   | agreement and one of the things I have to do as a judge is            |
| 8   | decide whether I'm going to approve that plea agreement, and          |
| 9   | so I have to ask you a bunch of questions and make sure that          |
| 10  | you understand what's in the plea agreement and that the              |
| 11  | circumstances under which it was negotiated are appropriate           |
| 12  | and then I can make a final decision on whether to accept it.         |
| 13  | Okay?                                                                 |
| 14  | THE DEFENDANT:  Yes, sir.                                             |
| 15  | THE COURT:  Now, in order to do that I have to take                   |
| 16  | testimony from you, so I'm going to place you under oath and          |
| 17  | then I'm going to ask you some questions.  I want you to              |
| 18  | understand that you don't have to answer any question.  If you        |
| 19  | don't answer it, it might affect my ability to accept the plea        |
| 20  | agreement, but you don't have to.  But if you don't understand        |
| 21  | a question, just ask me or your lawyers to explain it to you.         |
| 22  | Okay?                                                                 |
| 23  | THE DEFENDANT:  Yes, sir.                                             |
| 24  | THE COURT:  All right.  If you'll raise your right                    |
| 25  | hand best you can.                                                    |

```
 1                    (Defendant duly sworn by Court.)

 2              THE COURT:  State your name for the record.

 3              THE DEFENDANT:  Charles F. White.

 4              THE COURT:  Mr. White, I've been presented a written

 5    plea agreement in your case.  Have you seen that?

 6              THE DEFENDANT:  Yes, sir.

 7              THE COURT:  Have you read it?

 8              MR. COATNEY:  Your Honor, again, his eyesight is

 9    pretty bad.  We've gone through it and I've explained it to

10    him.

11              THE COURT:  Has it been read to you?  I mean, the

12    lawyers have gone through and explained the various paragraphs

13    with you?

14              THE DEFENDANT:  They've explained it, yes.

15              THE COURT:  I see a signature on Page 14 under --

16    there's typed the name Charles Frederick White and there's a

17    signature above that.  Did you sign that?

18              THE DEFENDANT:  Yes, sir.

19              THE COURT:  All right.  When you signed it, did you

20    feel like you understand the terms of the plea agreement?

21              THE DEFENDANT:  Yes, sir.

22              THE COURT:  All right.  Now, some of these questions

23    are going to sound kind of odd to you but the federal rules

24    require me to ask them, so I'm not insinuating anything.  But

25    as you sit here in front of me, are you under the influence of
```

4

```
 1  any street drug?

 2              THE DEFENDANT:  No, sir.

 3              THE COURT:  Any prescription medication that makes

 4  it hard for you to understand?

 5              THE DEFENDANT:  No, sir.

 6              THE COURT:  You under the influence of any alcohol?

 7              THE DEFENDANT:  No, sir.

 8              THE COURT:  Do you suffer any mental illness?

 9              THE DEFENDANT:  No, sir.

10              THE COURT:  Do you believe that you're competent to

11  participate in this hearing?

12              THE DEFENDANT:  Yes, sir.

13              THE COURT:  Do you believe that you were competent

14  to enter -- to make a decision to change your plea?

15              THE DEFENDANT:  I'm competent to what?

16              THE COURT:  To make the decision to change your plea

17  in this case?

18              THE DEFENDANT:  Why would I want to do that?

19              THE COURT:  Well, we're here.  I thought you were

20  going to change your plea to guilty?

21              THE DEFENDANT:  Oh.  I'm okay.

22              THE COURT:  All right.  Well, you know,

23  previously -- and you may not even remember, but some time ago

24  you entered a plea of not guilty.

25              THE DEFENDANT:  Yes, sir.
```

```
 1              THE COURT:  And today we're here because I've been
 2   given a plea agreement where you're going to plead guilty and
 3   I'm trying to decide whether to let you do that.  But,
 4   technically, in the eyes of the law that previous plea is the
 5   one that's in place until I accept this.  Okay?
 6              THE DEFENDANT:  Okay.
 7              THE COURT:  Now, has anybody threatened you or
 8   somebody you care about with some type of physical injury or
 9   harm to try to threaten you into signing this plea agreement?
10              THE DEFENDANT:  No, sir.
11              THE COURT:  Anybody make any promises to give money
12   or a job to you or someone you care about in order to persuade
13   you into signing this agreement?
14              THE DEFENDANT:  No, sir.
15              THE COURT:  Is this a plea agreement that you think
16   is in your best legal interest given the circumstances?
17              THE DEFENDANT:  Yes, sir.
18              THE COURT:  Is it an agreement you've entered into,
19   then, voluntarily?
20              THE DEFENDANT:  Yes, sir.
21              THE COURT:  I'm going to talk to you about some of
22   the specific provisions of the agreement.  I'm not going to go
23   over every paragraph because your lawyer did but there are a
24   few things I want to make sure you understand.
25              Under Paragraph 2 of this agreement, if I accept it
```

1 then you will be admitting that you are guilty by pleading

2 guilty to Count 1 of the superseding indictment and that

3 charges you with conspiracy to manufacture a thousand or more

4 marijuana plants.

5 Do you understand if I accept this plea agreement

6 that you'll be admitting that you're guilty of that crime?

7 THE DEFENDANT:  Yes, sir.

8 THE COURT:  Now, Congress and the president decide

9 what the possible punishment is for crimes, federal crimes,

10 and in Paragraph 5 of this agreement it's explained that for

11 the crime of conspiracy to manufacture a thousand or more

12 marijuana plants the minimum penalty the Court could impose is

13 a prison term of 10 years and supervised release for at least

14 five years, that the maximum penalty the Court could impose is

15 imprisonment for the rest of your life, supervised release for

16 the rest of your life, and a $10 million fine.  In addition,

17 you'd have to pay a $100 special assessment.  The crime is a

18 Class A felony.  Are you aware of all those facts?

19 THE DEFENDANT:  Yes, sir.

20 THE COURT:  Now, what I just read you is the

21 authorized punishment and there's a big range, from ten years

22 to life.  So at sentencing I'm the one that will make the

23 decision on what your sentence ought to be within that range

24 and in doing so I'll look at the U.S. Sentencing Guidelines.

25 All right?  That means I give you an offense level based on a

7

big thick book and I give you a criminal history based on that book and then we apply a chart and we arrive at what's called a guideline sentence. The reason we do that is the Supreme Court's told me to. It used to be that sentence was mandatory but it's not anymore but I do have to calculate it and consider it when I make a sentencing decision for you. All right?

Now, what I want you to understand today is no matter what somebody's told you about that sentence or the guideline or the calculation, that's just a guideline; your actual sentence can be above that guideline or below that guideline as long as it's something that the Congress has authorized me to do. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Now, in federal court there's no parole. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If on the day of your sentencing you don't like the sentence I give you, that won't be an excuse for you to try to withdraw from this plea agreement. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Now, I mentioned earlier something called supervised release. That's a period of time after you complete your jail -- prison term when you have some rules you

8

1  have to follow.  If you fail to follow those rules, you can

2  end up just having to go right back to prison.  Do you

3  understand that?

4          THE DEFENDANT:  Oh, yeah.

5          THE COURT:  As we sit here today, I want to make

6  sure you understand that you do have a right to a jury trial.

7  It's scheduled next Monday.  At that trial we'd have 12 jurors

8  and the government would have to convince all 12 unanimously

9  that you're guilty or you wouldn't be guilty in the eyes of

10 the law.  Do you understand that?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  The lawyers would be provided for you

13 and your lawyers could try to cross-examine all the witnesses

14 of the government and try to confront and impeach their

15 evidence and your lawyers could call witnesses to testify for

16 you and they could present evidence for you.  If a witness

17 didn't want to show up, I could even try to force them to show

18 up by use of -- to compel with the powers of the Court.  You

19 understand all that?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  Now, at that trial if you wanted to get

22 on the stand and testify, that would be your right, but if you

23 wanted to remain silent, that also would be your right.  I

24 would protect that right, wouldn't let anybody make an adverse

25 comment about it and would even tell the jury they shouldn't

9

```
 1    reach any adverse inference from your decision to take
 2    advantage of that constitutional right.  Do you understand
 3    that?
 4              THE DEFENDANT:  Yes, sir.
 5              THE COURT:  At trial if I made a mistake on a ruling
 6    of law or evidence, these fine lawyers you have, they could
 7    appeal me to a higher court and maybe get it reversed, you
 8    might get a new trial.  Do you understand that?
 9              THE DEFENDANT:  Yes, sir.
10              THE COURT:  Now, if I accept your plea agreement,
11    you're not going to go to a jury trial; your guilt will
12    already be established and so we won't have a jury trial to
13    determine your guilt.  You understand that?
14              THE DEFENDANT:  Yes.
15              THE COURT:  Paragraph 15 of this agreement you give
16    up certain rights that you might have to appeal or to file a
17    lawsuit later if convicted and challenge the validity of your
18    conviction.  That happens sometimes when people go to trial,
19    are found guilty and it happens some other times, too.  Do you
20    understand that you'll be giving up some of your appellate
21    rights and post-conviction rights in Paragraph 15 of this
22    agreement?
23              THE DEFENDANT:  Yes, sir.  We have a motion.
24              MR. COATNEY:  Your Honor, this is a conditional
25    plea.  The second paragraph of 15 allows Mr. White to appeal
```

1    two pretrial rulings that were adverse to his position, sir.

2              THE COURT:  You're not giving up all your rights of

3    appeal.  Those are specifically reserved in here.  All right?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  Now, you got a couple lawyers sitting

6    there and they've been working for you.  Have you talked this

7    plea agreement over with them?

8              THE DEFENDANT:  Yes, sir, I did this afternoon.

9              THE COURT:  Have you asked them some questions you

10   had?

11             THE DEFENDANT:  Did I what, sir?

12             THE COURT:  Did you ask them some questions?

13             THE DEFENDANT:  Oh, yeah.

14             THE COURT:  Were they able to answer them?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Have you got any questions that haven't

17   been answered about this plea agreement?

18             THE DEFENDANT:  I think we're okay.

19             THE COURT:  All right.  Are you satisfied with the

20   amount of time you've had with your lawyers?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Are you satisfied with the services

23   they've provided you?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  In order to accept a plea agreement, I

```
 1   have to find that there is a factual basis to support your

 2   decision to plead guilty.  We don't let people plead guilty

 3   unless we think there are some facts that might lead them to

 4   being convicted.  The government in Paragraph 3 has put some

 5   of the facts that they think they could prove if you went to

 6   trial.  Those facts are the ones they think would lead to your

 7   conviction.  Now, obviously if you went to trial, it would be

 8   up to a jury whether they believed them or not, but today I

 9   want to know, do you think any of the facts listed in

10   Paragraph 3 are incorrect or inaccurate?

11              THE DEFENDANT:  Yes, sir.

12              THE COURT:  You think Paragraph 3 is correct?

13              THE DEFENDANT:  Yes, sir.

14              THE COURT:  Paragraph 3 says that you had two sheet

15   metal buildings on property in rural Polk County, Missouri,

16   and that you installed lights, watering and fertilizing

17   equipment, containers, planting medium and other equipment for

18   the purpose of growing marijuana plants and that you had more

19   than a thousand plants.  Is that all true?

20              THE DEFENDANT:  Yes, sir.

21              THE COURT:  Any further record under Rule 11 which

22   the government wants the Court to make?

23              MR. GARRISON:  No, Your Honor.  Thank you.

24              THE COURT:  Mr. Coatney or Mr. Cooley, any further

25   record you want me to make?
```

12

1          MR. COATNEY:  Just out of an abundance of caution,

2   Your Honor, I think what I'd point out is the indictment under

3   Count 1, superseding indictment suggests that the conspiracy

4   lasted through January of 2013 and the -- this -- the plea

5   agreement suggests it was March 21 of 2012.  It's the plea

6   agreement that we would suggest should be controlling here.

7   Mr. Bearden had some other conduct that continued on until

8   2013 but I think that that was a little bit outside the

9   conspiracy, two counts involving guns, but this would control

10  even though it's just a little bit tweaked from the

11  superseding indictment.

12         THE COURT:  What you're telling me, in the factual

13  basis your client is agreeing that the conspiracy continued to

14  March 21, 2012, not necessarily the date contained in the

15  indictment?

16         MR. COATNEY:  Correct.

17         THE COURT:  Is that all right with you,

18  Mr. Garrison?

19         MR. GARRISON:  It is, Your Honor.  If the Court

20  cares --

21         THE COURT:  Proceed.

22         MR. GARRISON:  What happened after the initial

23  indictment, Mr. White's co-defendant, Anthony Bearden, was

24  engaged in additional criminal activity, there was a

25  superseding indictment brought and the range, the date range

                                    13

1  expanded to include the conduct that Mr. Bearden was involved
2  with.
3          THE COURT:  All right.  Thank you.  Good that's on
4  the record and clear.
5          MR. COATNEY:  Thank you, sir.
6          THE COURT:  Mr. White, I've asked you all the
7  questions I want to -- unless you have something else?
8          MR. COATNEY:  I was just going to say, no other
9  issues under Rule 11, Your Honor.
10         THE COURT:  Okay.
11         Mr. White, I've asked you all the questions that I
12 need to ask you in order to make a ruling.  After I've asked
13 you the questions and reminded you of the consequences and
14 stuff, do you still want me to approve this plea agreement?
15         THE DEFENDANT:  Yes, sir.
16         THE COURT:  Do you still think it's in your legal
17 best interest?
18         THE DEFENDANT:  Yes, sir.
19         THE COURT:  Do you still want to plead guilty to the
20 crime of conspiracy to manufacture a thousand or more
21 marijuana plants?
22         THE DEFENDANT:  Yes, sir.
23         THE COURT:  You want to plead guilty to that?
24         THE DEFENDANT:  Yes, sir.
25         THE COURT:  Is that because you are guilty of that

14

1  crime?

2          THE DEFENDANT:  Pardon me?

3          THE COURT:  Is that because you are guilty of that

4  crime?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  The Court finds that the defendant has

7  been competent to participate in this hearing and to enter

8  into the plea agreement and to the change of plea contained

9  therein.  The Court finds that the defendant entered into the

10  plea agreement and the guilty plea understandingly, knowingly

11  and voluntarily.  The Court finds that the guilty plea and the

12  plea agreement have been entered into after the defendant

13  received full, competent and capable services and advice of

14  legal counsel and after the defendant was advised fully of the

15  consequences of entering into the plea and the plea agreement.

16  The Court finds that there is a factual basis for the plea.

17  The Court accepts the plea agreement and the guilty plea

18  contained therein.  And defendant's -- specifically accept the

19  plea of guilty to the crime of conspiracy to manufacture a

20  thousand or more marijuana plants as alleged in Count 1 of the

21  superseding indictment with the limitation on the date that we

22  discussed earlier.  I'm going to order a presentence

23  investigation.

24          They'll write a report now and your lawyers and you

25  will get to look at it.  If you think they made a mistake in

                                15

the report, you and your lawyer gets to object.  That report
is going to tell us a lot about your criminal history, your
background, lots of things like that.  When that's done, if
the objections aren't resolved, I'll rule on them later at
your sentencing hearing.  At your sentencing hearing I'll
remind you of what the president and Congress have authorized
for punishment for this crime, I'll then calculate those
sentencing guidelines I told you about earlier.  The lawyers
will then get to argue about what your sentence ought to be
and they can talk about whether I should depart or vary from
the guidelines and talk about factors that are listed in the
law at a place called Title 18, Section 3553.

       After the lawyers have said their piece, I'll give
you a chance to say something to me, if you want to.  You
don't have to, you can remain silent, but if you want to say
something at your sentencing, I'll give you that chance before
I make a final decision.  Then at the conclusion of your
sentencing hearing, I'll announce what your sentence is going
to be.

       That hearing will take place when we've gone through
all the process steps that I've told you about.  I can't tell
you exactly what date that will be because it takes various
amounts of time to complete each of those processes.  When
that's all done, we'll have your sentencing hearing.  When we
have your sentencing hearing, till then you'll stay in the

16

1  local facilities like you have been, the jails.  But when you

2  ultimately get sentenced, you'll be transferred to a facility

3  of the Bureau of Prisons, but that won't occur until after

4  sentencing.  Okay?

5          THE DEFENDANT:  Yes, sir.

6          Is there any way this can be fast-tracked in any

7  way?

8          THE COURT:  Well, we --

9          MR. COATNEY:  I spoke to Mr. Schepers and we're

10  going to move at all haste.  We'll notify the Court when

11  things are ready to roll.  He's asking that this move quickly.

12  Where he's being housed is rough on him, sir.

13          THE COURT:  I understand.  We have lots of

14  defendants but we hope -- we'll move this as fast as we can.

15  Okay, sir?

16          THE DEFENDANT:  I understand.

17          THE COURT:  Anything further from the government?

18          MR. GARRISON:  No, Your Honor.  Thank you.

19          THE COURT:  Anything further from the defendant?

20          MR. COATNEY:  No, Your Honor.

21          THE COURT:  I think it goes without saying, the

22  trial scheduled for Monday will be canceled.

23          MR. COATNEY:  Thank you, Judge.

24          THE COURT:  We'll be in recess.

25          Good luck to you, sir.

17

1          THE DEFENDANT:  Thank you.

2          (Court stands in recess at 4:12 p.m.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                CERTIFICATE OF OFFICIAL REPORTER

 2        I, Jeannine M. Rankin, Federal Official Court Reporter,

 3   in and for the United States District Court for the Western

 4   District of Missouri, Southern Division, do hereby certify

 5   that the foregoing is a true and correct transcript of the

 6   stenographically reported proceedings.

 7

 8

 9

10

11                        /s/ Jeannine M. Rankin

12   Date:     10/12/17      Jeannine M. Rankin, CCR, CSR, RPR

13

14

15

16

17

18

19

20

21

22

23

24

25
                                  19
```