# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES FREDERICK WHITE ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 6:12-CR-03045-1-MDH |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Petitioner's *pro se* Motion for Compassionate Release. (Doc. 201). Petitioner moves this Court for an order releasing him from his term of imprisonment under 18 U.S.C. § 3582(c) as amended by Section 603(b) of the First Step Act. Under § 3582(c), prisoners may file a motion for compassionate release if they can demonstrate they have exhausted their remedies within the BOP. Petitioner has exhausted his administrative remedies, and as such the Court will consider his Motion. Petitioner also requests monetary relief as part of his claim, although he does not cite to any legal support for this request.

On February 8, 2017, Petitioner pleaded guilty to the crime of conspiracy to manufacture 1,000 or more marijuana plants. (Doc. 178). On September 20, 2017, he was sentenced to 10 years imprisonment followed by 5 years supervised' release. (Doc. 194). Under 18 U.S.C. § 3582(c), the Court must find an extraordinary and compelling reason warrants a sentence reduction. It is the Petitioner's burden to prove a sentencing reduction is warranted. *United States v, Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Under 28 U.S.C. § 994(t), it is the task of the United States Sentencing Commission to describe what is considered an extraordinary and compelling reason. The Commission sets out that description in U.S.S.G. § 1B1.13, and states in an application note that

1

such reason exists if the imprisoned person is "suffering from a serious physical condition that substantially diminishes the ability of the imprisoned person to provide self-care within the prison environment and from which he or she is not expected to recover."

Petitioner first claims he was advised by his case manager that the BOP approved his compassionate release on August 27, 2018 and approved his release location on October 3, 2018, and thus he should be released immediately. The Court notes that Petitioner has not come forward with any documentary evidence to support his claim, relying exclusively on the alleged oral statements of certain BOP employees. The government categorically denies that such an approval was ever issued but admits it misplaced his application and thus did not technically deny it. However, not properly processing an application is not the same as approving it. In any event, the BOP represents, and the Court accepts, that its failure to process the application only delayed its inevitable denial, since Petitioner had not yet served 50 percent of his sentence and thus was not eligible for compassionate relief under the BOP's own Program Statement. The government also points to a letter sent by Petitioner's warden to a U.S. Probation Officer on August 22, 2018, which stated that Petitioner's projected release date was October 23, 2023. (Doc. 218-1). The warden's letter was postmarked 5 days before the date Petitioner claims his application for compassionate release was granted. Although the letter does not explicitly contradict Petitioner's claim, the Court is dubious that the warden would note October 23, 2023 as Petitioner's projected release date if his compassionate release was imminent.

Petitioner next claims that regardless of whether the BOP approved his application, he is eligible for compassionate release under § 3582(c)(2) because his macular degeneration and knee problems together constitute a serious physical condition that substantially diminishes his ability to provide self-care within the prison environment and from which he is not expected to recover.

2

Case 6:12-cr-03045-MDH   Document 220   Filed 05/09/19   Page 2 of 5

Petitioner presents the facts of his condition as such: On February 2, 2018, a BOP doctor told him he was legally blind in both eyes and that there was no cure. Petitioner represents that both eyes are atrophied in a way that causes him "to see as through a vail [sic] or mist", preventing him from reading or watching television. Petitioner also claims he has a serious knee problem that causes him continuous pain. He claims he has fallen three times in his facility, once cracking an elbow as a result. He claims that his vision and mobility problems merit his compassionate release because he is no longer able to navigate the facility without substantial assistance from both prison staff and other inmates.

In support of his claim, Petitioner submits the affidavit of a fellow prisoner, Albert Roberts. (Doc. 213-2). Roberts states that he became acquainted with Petitioner in October 2017, because Petitioner would ask him for help reading letters from family and friends. Roberts states that Petitioner's vision and mobility challenges are serious, worsening, and that he already requires substantial assistance to navigate the prison setting on a day-to-day basis. Roberts opines that "if Mr. White is not placed in a location he can memorize and become familiar with then he will require a full time assistant to live successfully independently."

The government in response points mainly to the declaration of Dr. Kristine Aulepp, D.O., the clinical director at Petitioner's facility. (Doc. 216-1). Dr. Aulepp is familiar with Petitioner, his various diagnoses, and his treatment regime, which is significant. She opines that although Petitioner's macular degeneration is progressively worsening and that he is legally blind, he does not currently require assistance with his activities of daily living. She also opines that although Petitioner suffers from osteoarthritis in both knees, it does not currently impact his ability to perform activities of daily living. Dr. Aulepp concludes that Petitioner does not currently meet the criteria for compassionate release but notes that if his condition continues to worsen, he would

3

likely eventually be transferred to one of BOP's medical facilities. The government has attached Petitioner's medical records. (Doc. 216-2).

After careful review of the evidence in this case, including the medical records, the Court finds Petitioner's claim that the BOP has already approved his application for compassionate release is not credible. Furthermore, it finds Petitioner has not met his burden in proving that he is currently suffering from a serious medical condition that substantially diminishes his ability to provide self-care within the prison environment. The opinions of Dr. Aulepp, a trained medical professional, accord with the objective medical evidence and outweigh the affidavit of Albert Roberts and Petitioner's subjective account of his own condition. Petitioner presents no competing medical evidence in support of his Motion or to contradict the opinions of Dr. Aulepp. The Court acknowledges that Petitioner's conditions are not illusory and considers it eminently possible that if they continue to worsen his current placement may become untenable, especially in regard to his macular degeneration. If that happens, the Court expects the BOP to transfer Petitioner to a facility where his medical needs can be met and notes that the BOP houses many inmates in its medical facilities who are legally blind or relegated to wheelchairs. (Doc. 216 at 13). The Court also observes that a compassionate release due to a medical condition is an extraordinary and rare event. By way of example, in two recent cases within this district where compassionate releases were granted, the inmates were suffering from (1) terminal metastatic cancer (Doc. 1033 in Case No. 11-CR-06011-15-GAF) and (2) a severe and untreatable spinal degenerative disease that required the permanent use of a full-torso brace (Doc. 207 in Case No. 4:00-CR-00431-4-GAF), respectively. Respectfully, Petitioner's condition is not equivalent.

For the reasons explained above, the Court finds that Petitioner is not eligible for compassionate release at this time under 18 U.S.C. § 3582(c)(2). Petitioner's *pro se* Motion for

4

Compassionate Release is hereby **DENIED** without prejudice to being refiled if Petitioner's condition substantially deteriorates.

    **IT IS SO ORDERED.**

DATED: May 9, 2019

                                  */s/ Douglas Harpool*
                                  **DOUGLAS HARPOOL**
                                  **UNITED STATES DISTRICT JUDGE**